## Case No. 17,859.

### WINANS v. DANFORTH et al.

[New York Times, Nov. 17, 1860.]

Circuit Court, S. D. New York. Nov., 1860.

PATENTS — INFRINGEMENT — ANTICIPATION — ABANDONED EXPERIMENTS.

[1. A patent for increasing or decreasing the draft of a locomotive boiler by carrying the exhaust pipes of the engines to the bottom of the smoke pipe, and there controlling the discharge of the steam by plugs, is infringed by a locomotive in which a like result is accomplished by carrying the exhaust pipes to the bottom of the smoke box, instead of the smoke pipe.]

[2. The previous construction of a machine resembling that of a patent, but which proved unsatisfactory in operation, and was therefore abandoned, does not operate as an anticipation of the patent.]

This was an action by Ross Winans against Charles Danforth and others for damages for an alleged infringement of a patent granted in November, 1846, to the plaintiff, for an improvement in the machinery of locomotive engines, by which the exhaust steam which was made to discharge itself into the smoke pipe, was so regulated as to increase or decrease the draught of the smoke-stack, according as the engineer desired to increase or decrease the working power of the engine. This object the plaintiff effected by carrying his exhaust-pipes, to the bottom of the smoke-pipe, and fitting them there with conical plugs, by the motion of which in the pipes, the discharge of the steam into the smoke-pipe was increased or diminished. The defendants, who are engine-builders at Paterson, N. J., have built engines in which the two exhaust-pipes are brought into one, in which a conical plug was fitted, by means of which the exhaust steam was discharged, not into the smoke-pipe, but into the bottom of the smoke-box. They claimed that this was no infringement upon the plaintiff's patent. They also claimed that the machinery built according to the plaintiff's patent would not be available, and they denied the novelty of the plaintiff's invention.

Mr. Blatchford and Mr. Keller, for plaintiff. Mr. Cozzens and Mr. Stoughton, for defendants.

NELSON, Circuit Justice, charged the jury that the idea of the plaintiff was the regulation of exhaust steam for the purpose of increasing the draught according to the necessities of the engine, which idea was not denied to be a useful one; and if this idea was to be found in the arrangement which was placed at the bottom of the smoke box, it was just as much an infringement of the plaintiff's right as if it was placed any where else. That as to the denial of novelty, several points were relied on. One was an engine called the McNeil, but as it appeared that this was only an experiment which proved unsatisfactory and was abandoned, that might be laid aside, as it was necessary not only that a man should have an idea, but should embody it in a working machine, to secure him the benefit of the patent laws. Another reference was based on machinery described in the Mechanic's Magazine, but in that there was no idea of regulating the exhaust steam for the purpose of affecting the draught, but only for the purpose of checking the progress of the piston in the cylinder. Another matter relied upon to impeach the novelty of the plaintiff's invention was some experiments which were made to find out what was the proper amount of steam to discharge into the smoke-pipe of any locomotive by a fixed aperture, but which when ascertained would leave the pipes just the same as the pipes previously used, and had no idea of regulation of the exhaust steam in them. That another defence relied upon was a patent granted to Mann & Tyng. But this was simply a plan of diverting a portion of the steam into the boiler, when there was more made than was needed for the draught and not a regulation of the body of the steam discharged, and could not therefore be relied on. That if on all the evidence, the jury should find in the defendant's machine the ideas of the plaintiff embodied into a machine corresponding with the machine of the plaintiff they must find a verdict in his favor.

The case has been on trial for several days. The jury, after a short absence, found a verdict in favor of the plaintiff for the sum of $3,000.

## Case No. 17,860.

### WINANS v. DENMEAD.

[9 Leg. Int. 74; [1] 4 Am. Law J. (N. S.) 498.]

Circuit Court, D. Maryland. 1852.[2]

This was an action on a patent for a coal car. The plaintiff by his patent declared the principle of his invention to be the making

[1] [Reprinted from 9 Leg. Int. 74, by permission.]

[2] [Reversed in 15 How. (56 U. S.) 330.]

of the car body in the lower part in the form of a frustrum of a cone, that form securing an equal pressure of the load in all parts, and by its diminishing proportions allowing it to pass through the track frame, so as to lower the centre of gravity.

The defendants had made car bodies in the form of a frustrum of an octagonal pyramid, and they were alleged to have thereby infringed the patent of the plaintiff, as the pyramid acted on the same principle with, though not altogether as well, as the cone.

J. H. B. Latrobe, for plaintiff.
J. Mason Campbell, for defendants.

THE COURT [GLENN, District Judge] decided, after a full argument, that the plaintiff had by his patent restricted himself to the particular form of car body there described, and was consequently not entitled to recover.

[On appeal to the supreme court, this decision was reversed. 15 How. (56 U. S.) 330.]